IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


AVERY JAMES QUINCY,

                    Petitioner,

          v.                                CASE NO. 06-3122-RDR

DUKE TERRELL, WARDEN,

                    Respondent.


**O R D E R**

    This matter is an application for habeas corpus filed pursuant
to 28 U.S.C. § 2241.  Petitioner, a federal prisoner, proceeds pro
se and in forma pauperis.  He is serving a sentence of 108 months
imposed in the United States District Court for the Northern
District of Iowa in January 2001.  His projected release date is
November 20, 2011, under good conduct time.

    The court has reviewed the record and enters the following
findings and order.

**Background**

    On June 15, 2000, petitioner was arrested by Iowa state drug
task force officials.  He was released on bond the following day.
On June 20, 2000, petitioner was indicted on federal charges.  He
was arrested by federal officers on June 28, 2000, and released on
bond the same day.

    Petitioner was arrested July 21, 2000, on state terrorism

charges.

On September 27, 2000, federal prosecutors sought a writ of habeas corpus ad prosequendum to revoke bond.  The writ was granted; petitioner's bond was revoked on September 28, 2000, and he was returned to custody on the same day.

A second writ ad prosequendum was issued for petitioner's federal sentencing on January 3, 2001.  Petitioner was returned to the custody of state authorities on the same day.

The federal sentencing order is silent as to whether the federal sentence is concurrent with, or consecutive to, an existing state sentence.

Petitioner was sentenced on January 19, 2001, to a state term of 10 years, with a 5-year minimum term of incarceration for the terrorism conviction.  The state sentencing order provides the state sentence is to run concurrently with the federal sentence and directs county jail officials to deliver petitioner to the custody of the United States Marshals Service (USMS).  Petitioner was transferred in accordance with that order on January 22, 2001.

Petitioner arrived at the United States Penitentiary, Leavenworth, Kansas (USPL) on February 16, 2001.  Staff there computed his sentence and determined the state of Iowa had primary jurisdiction over him.

Following this determination, BOP staff confirmed the federal judge intended petitioner's sentence to be consecutive to the state

sentence.[1]  Petitioner was returned to the custody of the USMS on March 1, 2001, for transfer to Iowa state authorities for service of his state sentence.  The BOP requested a federal detainer be lodged with Iowa authorities.

Petitioner was released on parole from his Iowa state sentence on January 20, 2004.  He then was returned to the custody of the USMS.  He again arrived at the USPL on February 12, 2004.

The BOP computed petitioner's federal sentence to begin on January 20, 2004, and also determined petitioner was entitled to three days of credit for days served in June 2000 and not counted toward service of his state sentence.[2]  Petitioner did not receive any other federal sentence credit because such time was credited toward his state sentence.

In this action, petitioner seeks credit on his federal sentence for time served in the primary custody of Iowa state authorities.

## Discussion

The federal courts may grant habeas corpus relief to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Section 2241 codifies the traditional habeas corpus remedy, allowing an inmate to present

---

[1]

In response to inquiry from the Federal Bureau of Prisons, the Honorable Mark W. Bennett wrote, in part, "It was my intent that defendant Quincy's federal sentence be served consecutive to his State of Iowa sentence for terrorism and that his federal sentence commence on the date he completed his state sentence and entered into exclusive federal custody."  Doc. 9, Attach. 2, Ex. N.

[2]The days are June 15, 16, and 28, 2000.

a collateral attack to his confinement.   *See United States v.*
*Hayman,* 342 U.S. 205, 211-13 (1952).

The calculation of a federal sentence is governed by 18 U.S.C.
§3585.   The Attorney General is responsible for calculating
sentences under this provision and has delegated that authority to
the Bureau of Prisons.   *See United States v. Wilson*, 503 U.S. 329,
334 (1992).

Section 3585 provides as follows:

**(a) Commencement of sentence**. A sentence to a term of
imprisonment commences on the date the defendant is
received in custody awaiting transportation to, or arrives
voluntarily to commence service of sentence at, the
official detention facility at which the sentence is to be
served.
**(b) Credit for prior custody.** A defendant shall be given
credit toward the service of a term of imprisonment for
any time he has spent in official detention prior to the
date the sentence commences -
(1) as a result of the offense for which the sentence was
imposed; or
(2) as a result of any other charge for which the
defendant was arrested after the commission of the offense
for which the sentence was imposed; that has not been
credited against another sentence.

Where, as here, two sovereigns may claim custody over a
prisoner, "[t]he sovereign that first acquires custody of a
defendant in a criminal case is entitled to custody until it has
exhausted its remedy against the defendant."   *Weekes v. Fleming,*
301 F.3d 1175, 1180 (10th Cir. 2002).   Under this "rule of comity"
the second sovereign must "postpone its exercise of jurisdiction
until the first sovereign is through with [the defendant] or until
the first sovereign agrees to temporarily or permanently relinquish

custody."  *Id.*

Thus, to receive additional sentence credit, petitioner must show both that he was detained prior to the commencement of his federal sentence and that such confinement was not credited to another sentence.

The record before the court shows the petitioner was in the primary custody of Iowa authorities.  Not only is there no showing of any time in question that was not credited to his state sentence, Bureau of Prisons authorities verified with the federal sentencing judge that petitioner's federal sentence was to be served as a consecutive, not concurrent, sentence.  The court finds the Bureau of Prisons correctly applied the governing statute to these facts.

Petitioner contends his federal sentence commenced at the time he was received at USPL on February 16, 2001.  He relies, in part, on the decision of the Tenth Circuit in *Weekes*.  In *Weekes*, the petitioner was in state custody and was released to federal custody for proceedings on federal charges.  He was returned to state custody pursuant to a writ for a hearing on state criminal charges and thereafter was returned to federal authorities.  Following sentencing on federal charges, he was transferred to a federal prison.  Some two months later, he was returned to state custody for service of his state sentence.

Weekes alleged his federal sentence began to run upon his transfer to a federal facility and continued to run following his return to state custody.  The Tenth Circuit agreed, finding the government could not demonstrate the transfer from state to federal

5

authorities was intended to be temporary and that later action by state authorities supported a claim that the transfer was intended to be permanent.

Respondent argues petitioner's reliance on *Weekes* is misplaced and contends this action may be distinguished from the facts in *Weekes*.  The court has considered the parties' arguments and concludes the circumstances in this case allow a different resolution.

First, unlike *Weekes*, the state and federal courts in this case were not in accord regarding the service of the sentences.  The state court directed concurrent sentences, while the federal court clarified its intent that the federal sentence be consecutive.

Next, the BOP soon discovered the discord and acted quickly to return petitioner to state custody for service of his state sentence.  Iowa authorities accepted petitioner's return to state custody.

Finally, Tenth Circuit case law has not required that prisoner transfers resulting from error be construed to create a permanent change in custody.  In *Binford v. U.S.*, 436 F.3d 1252, 1256 (10th Cir. 2006), federal marshals mistakenly delivered a prisoner to federal custody instead of returning him to state custody.  The Tenth Circuit noted the "continuous service rule is not a 'get out of jail early card' for prisoners", *id*. at 1256 (quoting *Free v. Miles*, 333 F.3d 550, 555 (5th Cir. 2003)), and  determined the petitioner's brief transfer to the federal prison did not result in a  permanent  transfer.   Rather,  the  court  concluded  Binford's

6

"federal sentence never began until he was finally received into federal custody for the purpose of serving his federal sentence, after completing his state sentence."   *Id*.

It is long-settled that a person who has committed both state and federal crimes may be sentenced for each such offense and "may not complain of the order in which he is tried or punished for the respective offenses."   *U.S. v. Anderson*, 279 F.Supp. 706, 707 (D. Okla. 1968)(citing *Werner v. United States*, 258 F. Supp. 432 (E.D.N.C. 1966)).   Historically, "[w]hen a state surrenders one of its prisoners to the federal government for ... trial...a judgment and sentence upon conviction in the federal court does not begin to run, if the prisoner is delivered back to state authorities, until the prisoner is thereafter returned to federal custody and received at a federal penal institution for service of his sentence." *Williams v. Taylor*, 327 F.2d 322, 323 (10th Cir.)(citing *Ponzi v. Fessenden*, 258 U.S. 254 (1922)), *cert. denied*, 377 U.S. 1002 (1922).

Petitioner's transfer from the custody of Iowa state authorities to federal authorities was not consistent with the intent of the federal sentencing judge, and upon the discovery of the circumstances, BOP staff corrected the error by returning petitioner to state authorities for service of his state sentence. The transfer did not trigger the commencement of petitioner's federal sentence, and his return to state custody did not unlawfully extend his incarceration. The BOP has executed petitioner's sentences as directed by the federal sentencing judge, and the court finds no constitutional error on the present record.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is dismissed and all relief is denied.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED**.

DATED:  This 20th day of April, 2009, at Topeka, Kansas.


S/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge